UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

LATRIECE DENEE JONES

Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC.;

EQUIFAX INFORMATION SERVICES, LLC;

EXPERIAN INFORMATION SOLUTIONS, INC.;

TRANSUNION, LLC,

Defendants.

RECEIVED

DEC 30 2025

Wendy R Cliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.    NATURE OF THE ACTION

1.    This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

2.    Defendants reported, verified, and continued to publish an alleged consumer debt without providing required notice of the debt, without providing validation upon timely dispute, without producing documentation establishing ownership or authority to collect, without conducting a reasonable investigation, and without reconciling material contradictions in their own records, causing ongoing harm to Plaintiff.

## II. JURISDICTION AND VENUE

3.    This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

4.    Venue is proper under 28 U.S.C. §1391(b) because Plaintiff resides in this District and the acts and omissions giving rise to these claims occurred in this District.

## III. PARTIES

5.   Plaintiff is a natural person residing in Tennessee.

6.   Defendant National Credit Systems, Inc. ("NCS") is a debt collector and furnisher of consumer credit information.

7.   Defendant Equifax Information Services, LLC is a consumer reporting agency ("CRA") under 15 U.S.C. §1681a(f).

8.   Defendant Experian Information Solutions, Inc. is a CRA under 15 U.S.C. §1681a(f).

9.   Defendant TransUnion, LLC is a CRA under 15 U.S.C. §1681a(f).

## IV. FACTUAL ALLEGATIONS

### A. The Reported Account

10.   Defendants reported and continue to report a collection tradeline furnished by NCS related to an alleged apartment obligation associated with 495 Tennessee Street, Memphis, Tennessee.

11.   The alleged balance consists primarily of contract-based charges, including purported lease termination fees, insufficient notice fees, and alleged damages.

### B. Failure to Provide Notice of Debt

12.   Defendant NCS never provided Plaintiff with a written notice of debt as required by 15 U.S.C. §1692g(a), including notice of the amount of the debt, the name of the creditor, or Plaintiff's rights to dispute and request validation.

13.   NCS has never produced any documentation demonstrating that such notice was sent or received prior to furnishing the alleged debt to consumer reporting agencies.

14.   Plaintiff first became aware of the alleged debt through credit reporting, not through a lawful validation notice.

### C. Timely Dispute and Failure to Validate

15.   Plaintiff disputed the alleged debt in writing within thirty (30) days of learning of NCS's collection activity.

16.   Despite Plaintiff's timely written dispute, NCS failed to provide validation of the debt, including any documentation establishing the existence, amount, or ownership of the alleged obligation.

17.   NCS nevertheless continued collection activity, including furnishing and verifying the alleged debt to consumer reporting agencies.

**D. Disputes and Reinvestigation**

18.   Plaintiff disputed the accuracy and validity of the account with Equifax, Experian, and TransUnion.

19.   The consumer reporting agencies notified NCS of the disputes pursuant to 15 U.S.C. §1681i(a)(2).

20.   NCS verified the account after receiving notice of the disputes.

21.   The consumer reporting agencies accepted the verification and continued to publish the tradeline.

**E. Unreasonable Verification and Lack of Documentation**

22.   In responding to disputes, NCS provided only an internal ledger and failed to provide:

- A copy of any lease to Plaintiff,
- Any notice of debt,
- Any notice of termination or damages,
- Any documentation establishing ownership of the alleged debt,
- Any assignment, sale, or transfer agreement authorizing NCS to collect.

23.   NCS has never demonstrated how it owns or is authorized to collect the alleged debt.

**F. Zero-Balance Write-Off and Misleading Reporting**

24.   Accounting records relied upon by Defendants reflect that the alleged balance was written off to a zero balance.

25.   Despite the zero-balance write-off, Defendants continued to report a collectible balance without explaining how the debt survived the write-off or who owned it thereafter.

26.  Reporting a balance under these circumstances is inaccurate or materially misleading.

**G. Failure to Report the Account as Disputed**

27.  At all relevant times after Plaintiff disputed the debt, NCS knew or should have known the debt was disputed.

28.  Nevertheless, NCS furnished credit information without indicating the account was disputed.

29.  Equifax, Experian, and TransUnion published the tradeline without any dispute notation.

**H. Harm**

30.  As a direct and proximate result of Defendants' conduct, Plaintiff suffered:

- Damage to credit reputation,
- Emotional distress, anxiety, and frustration,
- Loss of time and effort disputing inaccurate reporting,
- Ongoing statutory injury.

## V. CLAIMS FOR RELIEF

### COUNT I

*Fair Credit Reporting Act Violations*
*15 U.S.C. §§1681e(b), 1681i, 1681s-2(b)*
*(Against All Defendants)*

31.  Defendants failed to follow reasonable procedures to assure maximum possible accuracy.

32.  Defendants failed to conduct a reasonable reinvestigation after notice of dispute.

33.  NCS verified information without reviewing or reconciling controlling documents and material contradictions.

34.  Defendants acted negligently and willfully.

**COUNT II**

*FDCPA – False or Misleading Representations / Unauthorized Amounts*

*15 U.S.C. §§1692e, 1692f*

*(Against NCS)*

35. NCS misrepresented the legal status of the alleged debt.

36. NCS attempted to collect amounts not authorized by agreement or law.

**COUNT III**

*FDCPA – Failure to Report Disputed Debt*

*15 U.S.C. §1692e(8)*

(Against NCS)

37. NCS communicated credit information without disclosing that the debt was disputed.

**COUNT IV**

*FDCPA – Failure to Provide Notice of Debt*

*15 U.S.C. §1692g(a)*

*(Against NCS)*

38. NCS failed to provide the written notice required by §1692g(a) within five days of its initial communication.

39. NCS has failed to produce any proof that such notice was sent.

**COUNT V**

*FDCPA – Continued Collection After Timely Dispute Without Validation*

*15 U.S.C. §1692g(b)*

*(Against NCS)*

40. Plaintiff disputed the alleged debt in writing within thirty (30) days of NCS's initial collection activity.

41. NCS failed to provide validation of the debt.

42. Despite the timely dispute and lack of validation, NCS continued collection activity, including furnishing and verifying the alleged debt with consumer reporting agencies.

## VI. DAMAGES

43. Plaintiff seeks:

- Statutory damages under 15 U.S.C. §§1681n, 1681o, and 1692k,
- Actual damages including emotional distress,
- Costs of suit including filing and service fees,
- Attorney's fees as allowed by law.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor;

B. Award statutory and actual damages;

C. Order correction and deletion of inaccurate credit reporting;

D. Award costs and fees;

E. Grant such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Latriece Jones

Plaintiff, Pro Se

2966 Tamerlane Lane, Germantown, TN 38138

305-331-1599

Jones_latriece@yahoo.com